962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony R. PALOCIOZ, Plaintiff-Appellant,
v.
Robert D. HANNIGAN and John Doe, Defendants-Appellees.
 No. 92-3011.
 United States Court of Appeals, Tenth Circuit.
 May 8, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 We grant Appellant's motion to proceed in forma pauperis.
 
 
 3
 Mr. Palocioz, a state inmate, appeals the dismissal of his § 1983 suit.
 
 
 4
 Mr. Palocioz commenced a pro se 42 U.S.C. § 1983 suit claiming he was once classified erroneously as an escape risk. Subsequently prison officials rectified this error. He asserted he was denied parole during the interim period based upon this erroneous information and asked for injunctive relief to correct the error and nominal damages.
 
 
 5
 The district court, reasoning the escape characteristic points had been removed from Mr. Palocioz's prison records, concluded the matter was moot and ordered the case dismissed.
 
 
 6
 Mr. Palocioz appeals pro se asserting: (1) he was "not give[n] ... a full and fair opportunity to prosecute his case"; and (2) the district court "didn't apply any law." He asks for the relief requested in his complaint.
 
 
 7
 If a plaintiff can show a violation of the United States Constitution or of United States law caused him injury, he is entitled to damages. In the case before us Mr. Palocioz has failed to allege or prove any violation of federally secured rights. Mr. Palocioz claims his erroneous classification as an escape risk violated his due process rights.
 
 
 8
 Mr. Palocioz fails to understand his prison records were in fact changed to properly reflect his prison classification. It would have been a meaningless gesture for the district court to have ordered something done which had already been accomplished. The district court properly concluded the request for injunctive relief was moot. A question is "moot" when the issue presented has become merely academic. In other words, this issue was no longer alive, it was dead.
 
 
 9
 In his complaint, Mr. Palocioz alleged the prison officials "both conceded that the escape characteristics classification on plaintiff's record was unappropriate [sic] and thereby caused to have it revised." Finally, Mr. Palocioz alleges the parole board relied on the erroneous information when denying him parole. However, Mr. Palocioz does not have a liberty interest in parole as that is a discretionary decision. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1 (1978); Dock v. Latimer, 729 F.2d 1287 (10th Cir.), cert. denied, 469 U.S. 885 (1984). Consequently, Mr. Palocioz has presented no cognizable due process violation. Even if this were true, Mr. Palocioz has no right to any particular prison classification. Therefore, Mr. Palocioz has suffered no loss of right or privilege in violation of his due process rights.
 
 
 10
 We therefore conclude the district court reached the correct result by dismissing the complaint.
 
 
 11
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3